```
RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM _____
MCF ISSUED_____
BY DPTY. CLK._____
DATE   12-31-03
```

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2003 DEC 29  P 12: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| ELAINE CHAO, Secretary of the United States Department of Labor, | ) ) ) |
| Petitioner, | ) ) ) Civil Action File No. |
| v. | ) ) |
| SEAN WARFORD, in his capacity as PLAN ADMINISTRATOR of the S.W.C. ENTERPRISES SAR-SEP PLAN, | ) ) ) ) ) 03  12646 REK |
| Respondent. | ) ) MAGISTRATE JUDGE REK |

**PETITION TO ENFORCE**
**ADMINISTRATIVE SUBPOENA**

Elaine Chao, Secretary of the United States Department of Labor, asserts:

1. This action is brought to compel Respondent to comply with an Administrative Subpoena issued and directed to him by the Regional Director, Boston Regional Office, Employee Benefits Security Administration ("EBSA"), United States Department of Labor ("Department") in an investigation conducted pursuant to section 504(a)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA" or "the Act"), 29 U.S.C. §1134.

2. The Court has jurisdiction over this petition pursuant to Sections 9 and 10 of the Federal Trade Commission Act, 15 U.S.C. §§49 and 50, as made

applicable by ERISA §504(c), 29 U.S.C. 1134(c), and pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3. The S.W.C. Enterprises SAR-SEP Plan (the "Plan") is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), and is subject to the coverage of the Act pursuant to §4(a) of ERISA, 29 U.S.C. §1003(a). The Plan is administered from and maintains its principle office in Dracut, MA. Venue is proper pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2).

4. Respondent Sean Warford is a trustee of the Plan, and at all times relevant to this action, was vested with and exercised discretionary authority or control respecting management of the Plan and authority or control respecting management or disposition of the Plan's assets and is therefore a fiduciary with respect to the Plan within the meaning of ERISA §3(21), 29 U.S.C. §1002(21).

5. In connection with an investigation initiated pursuant to ERISA 504(a)(1), 29 U.S.C. §1134(a)(1), to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order promulgated thereunder, the Regional Director of EBSA sent a letter dated January 31, 2002 to the Respondent requesting documents. A copy of that letter is attached as Exhibit A to the Declaration of Department of Labor Investigator Amy Fishman. (the "Fishman Declaration").

6. Because documents requested in the letter attached to the Fishman Declaration as Exhibit A were not produced, on January 3, 2003, the Regional Director of the Boston Regional Office, EBSA, signed and issued an Administrative

Subpoena requiring Respondent to produce certain records and documents necessary to the investigation. Said documents had not been produced in response to the earlier correspondence. Copies of that Administrative Subpoena, a cover letter, and proof of receipt are attached as Exhibit E to the Fishman Declaration.

7. On January 7, 2003, EBSA Investigator Fishman sent by certified mail, return receipt requested, the original of the Administrative Subpoena to Respondent, Sean Warford, Custodian of Records of the Plan, at 375 Tyler Street, Dracut, Massachusetts, 01826. Mr. Warford signed the return receipt. On April 17, 2003, this same Administrative Subpoena was again sent by certified mail to Sean Warford at 59 Briarwood Road, Haverhill, Massachusetts, 01832.

8. The Administrative Subpoena requires that the Respondent produce various documents relating to its activities as a fiduciary and/or service provider to the plan for the period from January 1, 1998 to the date of production.

9. Despite repeated attempts to contact Respondent by the Department, as set forth in the Declaration of Gail E. Glick, Respondent has failed to transmit any documents to the Department of Labor in response to said Administrative Subpoena as of this date.

10. The Secretary requires the documents sought in the Administrative Subpoena in order to investigate a participant complaint in relation to the S.W.C. Enterprises, Inc. SAR-SEP Plan.

WHEREFORE, the Secretary prays that this Court enter an Order requiring Respondent to appear on a date certain to Show Cause, if any there be, why it should not appear before the designated representatives of the Employee Benefits Security Administration at such time and place as Petitioner or the Court may set, then and there to produce such designated documents as required by the Administrative Subpoena, and that petitioner have such other and further relief as may be necessary and appropriate

Respectfully submitted,

        Howard M. Radzely
        Solicitor of Labor


        Frank V. McDermott, Jr.
        Regional Solicitor

        Gail E. Glick
        Attorney
        U.S. Department of Labor
        Office of the Regional Solicitor
        JFK Federal Building, Room E-375
        Boston, MA 02203
        TEL.: (617) 565-2500
        FAX: (617) 565-2142


DATE: 12-23-03