UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

ELAINE CHAO, Secretary of the )
United States Department of Labor, )
)
)
Petitioner, )
)                    Civil Action File No.
v. )
)
)
SEAN WARFORD, in his capacity )
as PLAN ADMINISTRATOR of the )
S.W.C. ENTERPRISES SAR-SEP )
PLAN, )          **03  12646 REK**
)
Respondent. )

## PETITIONER'S MEMORANDUM IN SUPPORT OF HER PETITION TO ENFORCE ADMINSTRATIVE SUBPOENA

Elaine L. Chao, Secretary of Labor, United States Department of Labor

(hereinafter, "the Secretary"), brings this action to compel Respondent to comply with an

Administrative Subpoena issued and directed to it on January 3, 2003 by the Regional

Director of the Boston Regional Office, Employee Benefits Security Administration

(hereinafter, "EBSA"), (formerly the Pension and Welfare Benefits Administation),

United States Department of Labor (hereinafter, "DOL") in connection with an

investigation being conducted pursuant to Section 504(a)(1) of the Employee Retirement

Income Security Act of 1974, 29 U.S.C. §1001 et seq. (hereinafter,"ERISA"). This

Memorandum of Law is being filed with the Secretary's Petition to Enforce

Administrative Subpoena (hereinafter, "the Petition"), together with the Declaration of

Amy Fishman (hereinafter, the "Fishman Declaration") and the Declaration of Gail E. Glick (hereinafter, the "Glick Declaration").

## STATEMENT OF THE CASE

The investigation underlying this subpoena enforcement action was initiated pursuant to Section 504(a)(1) of ERISA, to determine whether any person has violated or is about to violate Title I of ERISA or any regulation or order issued thereunder. (Fishman Declaration,¶2.) During the course of its investigation of the S.W.C. Enterprises, Inc. SAR-SEP Plan (hereinafter, "the Plan"), EBSA issued a Subpoena to the Respondent on January 3, 2003. The Subpoena was issued after engaging in informal requests since January 31, 2002. (Fishman Declaration, ¶3) The Subpoena required the Respondent to produce certain specified documents relating to the Plan. (Fishman Declaration, Exhibit E).   Despite numerous attempts to contact the Respondent in regard to this Subpoena, no response has been made. (Glick Declaration ¶¶ 3-6)

To date, Respondent has produced no documents responsive to the Subpoena.

As detailed more fully below, the standards for enforcing an Administrative Subpoena have been met by the Secretary. The Secretary, therefore, requests that this Court issue an Order requiring Respondent to produce the documents requested in her Subpoena.

**ARGUMENT:**

<u>THE COURT MUST ENFORCE THE ADMINISTRATIVE SUBPOENA BECAUSE
THE SUBPOENA IS WITHIN THE AUTHORITY OF THE EBSA, THE
INFORMATION SOUGHT IS RELEVANT TO THE AUTHORIZED PURPOSE AND
IS ADEQUATELY DESCRIBED, AND THE SUBPOENA WAS PROPERLY ISSUED
BY THE AGENCY</u>

Administrative subpoenas are subject only to limited judicial review. <u>EEOC v. United Air Lines</u>, 287 F.3d 643, 649 (7th Cir. 2002); <u>U.S. v. Sturm, Ruger & Company, Inc.</u>, 84 F.3d 1, 4 (1st Cir. 1996), <u>cert. den'd</u>, 519 U.S. 991, 117 S.Ct. 480, 136 L.Ed.2d 374 (1996); <u>U.S. v. Markwood</u>, 48 F.3d 969, 976 (6th Cir. 1995); <u>EEOC v. City of Norfolk Police Dept.</u>, 45 F.3d 80, 82 (4th Cir. 1995); <u>Sandsend Fin. Cons. v. Federal Home Loan Bank Bd.</u>, 878 F.2d 875, 879 (5th Cir. 1989); <u>U.S. v. Comley</u>, 890 F.2d 539, 541 (1st Cir. 1989); <u>EEOC v. Maryland Cup Corp.</u>, 785 F.2d 471, 475 (4th Cir. 1986), <u>cert. den'd</u>, 479 U.S. 815, 107 S.Ct. 68, 93 L.Ed.2d 26 (1986). Proceedings brought to enforce administrative subpoenas such as this one are summary in nature. <u>EEOC v. United Air Lines</u>, 287 F.3d 643, 649 (7th Cir. 2002); <u>U.S. v. Markwood</u>, 48 F.3d 969, 977 (6th Cir. 1995); <u>U.S. v. Will</u>, 671 F.2d 963, 968 (6th Cir. 1982). The scope of the proceeding is narrow. <u>In re McVane</u>, 44 F.3d 1127, 1135 (2nd Cir. 1995); <u>In re: F.T.C. Line of Business Report Litigation</u>, 595 F.2d 685, 702-3 (D.C. Cir. 1978), <u>cert. den'd</u> 439 U.S. 958, 99 S.Ct. 362, 58 L.Ed.2d 351 (1978).

According to the United States Supreme Court, compliance with an administrative subpoena must be ordered if "the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant." <u>United States v. Morton Salt Co.</u>, 338 U.S. 632, 652, 70 S.Ct. 100, 94 L.Ed.2d 401 (1950);

3

EEOC v. United Air Lines, 387 F.3d 643,649 (7th Cir. 2002); EEOC v. Tempel Steel Co., 814 F.2d 482, 485 (7th Cir. 1987).

The Secretary need only demonstrate that the underlying law enforcement inquiry is legitimate and that the documents sought are reasonably relevant. Oklahoma Press Publishing Co. v. Walling, 327 U.S. 186, 209, 66 S.Ct.494, 90 L.Ed. 614 (1946). The First Circuit stated the requirements for its enforcement of administrative subpoenas in U.S. v. Sturm, Ruger & Company, Inc., 84 F.3d 1, 4 (1st Cir. 1996), cert. den'd, 519 U.S. 991, 117 S.Ct. 480, 136 L.Ed.2d 374 (1996), as follows:

> "In order to obtain judicial backing the agency must prove that (1) the subpoena is issued for a congressionally authorized purpose, the information sought is (2) relevant to the authorized purpose and (3) adequately described, and (4) proper procedures have been employed in issuing the subpoena."

Once the petitioner has made a prima facie showing that the subpoena is within the authority of the agency, the burden shifts to the respondent to provide compelling reasons why the subpoena should not be enforced. United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964) (enforcement of Internal Revenue Service subpoenas); F.T.C. v. Standard American, Inc., 306 F.2d 231, 235 (3rd Cir. 1962). The holding in Powell has been held to apply to the Department of Labor's administrative subpoenas. Donovan v. Shaw, 668 F.2d. 985, 989 (8th Cir. 1982); Marshall v. Amalgamated Insurance Agency Services, Inc., 523 F. Supp. 231, 233 (N.D. Ill. 1981); Marshall v. Bernard Torraco and Co., 1 Employee Benefits Cas. (BNA) 1994, 1997 (D. N.J. 1979). Since the subpoena allows the Department to fulfill its investigative obligation, to invalidate such a subpoena, in effect, amounts to questioning the power of Congress to delegate enforcement of federal laws. Oklahoma Press Publishing Co. v.

4

Walling, 327 U.S. 186, 201, 66 S.Ct.494,502, 90 L.Ed. 614 (1946); Missouri Pacific

Employees Hospital Ass'n v. Donovan, 576 F.Supp. 208, 212-13 (E.D.Mo. 1983) aff'd

745 F.2d 1174 (8th Cir. 1984).

The law enforcement inquiry pursuant to which the subpoena in question was

issued is legitimate, since it is one that the Department of Labor is specifically authorized

to make.  Section 504 of ERISA, 29 U.S.C. §1134, gives the Secretary of Labor broad

authority to conduct investigations to determine whether any person has violated or is

about to violate any provisions of Title I of ERISA or any regulation or order issued

under that Title.  The statute provides:

### INVESTIGATIVE AUTHORITY

> Sec. 504. (a) The Secretary shall have the power, in order to determine whether any person has violated or is about to violate any provision of this title or any regulation or order thereunder -
> (1) to make an investigation, and in connection therewith to require the submission of reports, books, and records. . . .
> (c) For the purposes of any investigation provided for in this title, the provisions of sections 9 and 10 (relating to the attendance of witnesses and the production of books, records, and documents) of the Federal Trade Commission Act (15 U.S.C. 49, 50) are hereby made applicable. . . .
> 29 U.S.C. §1134.

The Fishman Declaration states under penalty of perjury that the investigation in

question was initiated pursuant to ERISA to determine whether any person had violated

or was about to violate any provision of Title I of ERISA. (Fishman Declaration at ¶ 2.)

The subpoena clearly indicates that it was issued in connection with an investigation

pursuant to the Secretary's statutory powers under ERISA section 504, 29 U.S.C. §1134.

Such an inquiry is for a purpose lawfully authorized by Congress.  The documents sought

by the subpoena relate to Respondent's administration of ERISA-covered plans and are

relevant to the Department's inquiry. See FTC v. Invention Submission Corp., 965 F.2d 1086, 1089 (D.C.Cir. 1992), cert. denied, 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed. 2d 654 (1993). (An administrative subpoena is valid if the required information is 'reasonably relevant'.) In RNR Enterprises, Inc. v. SEC, 122 F.3d 93,97 (2nd Cir. 1997), the Court, citing In re McVane, 44 F.3d 1127, 1136 (2d Cir. 1996), stated that it deferred to the agency's appraisal of relevancy and that an affidavit from a governmental official is sufficient to establish a prima facie showing that the subpoena is relevant to the investigation.

Finally, a subpoena is enforceable if the materials sought:

"'may be relevant to the purpose' of the investigation. Powell, [ U.S. v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 255,13 L.Ed.2d 112 (1964).] Powell does not require a showing that the documents sought are directly related to a specific area of inquiry. The Powell standard incorporates a standard of relevance akin to the standard of discovery in civil actions. Cf. Rule 26, Fed. R. Civ. P.

Marshall v. Amalgamated Insurance Agency Services, Inc., 523 F. Supp.231, 233 (N.D.Ill.1981). Thus, the Secretary is entitled to enforcement of a subpoena seeking any records which might be relevant to her law enforcement inquiry; relevance is defined as that which "may be used as evidence or may lead to evidence which would establish whether any person has violated or is about violate Title I of ERISA." Pennington v. Donovan, 574 F. Supp. 708, 710 (S.D. Tex. 1983). In Donovan v. National Bank of Alaska, 696 F.2d 678 (9th Cir. 1983), the U.S. Court of Appeals for the Ninth Circuit framed the issue as follows:

The proper scope of an ERISA investigation can be determined only by reference to the statute itself; the appropriate inquiry is whether the information sought might assist in determining whether any person is violating or has violated any provision of Title I of ERISA. 696 F.2d at 684.

6

In this case, the documents at issue, set forth in Exhibit E to the Fishman Declaration, relate directly to the Respondent's administration of an ERISA-covered plan and are key to determining whether all Plan assets have been transmitted to the Plan. Documents relating to the administration and operation of ERISA-covered plans and their assets certainly "may be relevant to the purpose of the investigation" and must be produced. United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964)

## CONCLUSION

The Secretary has met her burden of establishing that she is engaged in a legitimate law enforcement inquiry and that the documents requested in the subpoena are relevant to that investigation. Therefore, the petition to enforce the EBSA's administrative subpoena must be granted.

Respectfully submitted,

Howard M. Radzely
Solicitor of Labor

Frank V. McDermott, Jr.
Regional Solicitor

Gail E. Glick
Attorney
U.S. Department of Labor
Office of the Regional Solicitor
JFK Federal Building, Room E-375
Boston, MA 02203
TEL.: (617) 565-2500
FAX: (617) 565-2142

DATE: 12 - 23-03

7