UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 1:03-cv-12646-REK

ELAINE L. CHAO,
Secretary of Labor,
United States Department of Labor,

Petitioner,

v.

SEAN WARFORD,
in his capacity as PLAN ADMINISTRATOR of the
S.W.C. ENTERPRISES SAR-SEP PLAN,

Respondent.

## ORDER FOR COMPLIANCE

This proceeding is a petition by the Secretary of Labor to enforce an administrative subpoena issued to the respondent by the Regional Director of the Employee Benefits Security Administration ("EBSA"), formerly the Pension and Welfare Benefits Administration, of the United States Department of Labor, acting under the authority granted by § 504 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1134. By an Order to Show Cause issued by this Court on June 1, 2004, the respondent herein was ordered to appear before the Court at 12:00 p.m. on June 8, 2004, "to show cause, if any there be, why the prayer of the petition should not be granted."

Counsel for the petitioner has offered the return of a constable indicating that the Order to Show Cause originally entered by the Court on May 4, 2004 for respondent to appear on June 3, 2004, was left at respondent's last known and usual place of abode, to wit, 319 Amesbury Line Road, Haverhill, Massachusetts on May 26, 2004. Further, the Order to Show Cause entered by the Court on June 1, 2004, rescheduling the Show Cause Hearing to

June 8, 2004, was mailed by the Court to respondent's address at 319 Amesbury Line Road, Haverhill, Massachusetts on June 1, 2004.

Nevertheless, the respondent failed, without apparent excuse, to appear at the time and place appointed and further failed, therefore, to show cause why the prayer of the petition should not be granted. After review of the petition and supporting submissions, the Court finds that the petitioner is entitled to the relief prayed for in the petition.

Accordingly, it is ORDERED:

1. The respondent, Sean Warford, Administrator of the S.W.C. Enterprises SAR-SEP Plan, shall appear before James M. Benages, Regional Director of the Employee Benefits Security Administration, United States Department of Labor, and/or his authorized agents, at Room 575 John F. Kennedy Federal Building, Boston, Massachusetts, at 10:00 a.m. on July 7, 2004, to testify in the matter of an investigation of the S.W.C. Enterprises SAR-SEP Plan being conducted pursuant to 29 U.S.C. § 1134, in order to determine whether any person has violated or is about to violate any provision of Title I of ERISA or any regulation or order thereunder, and further to produce at said time and place the books, papers and documents listed on the attachment to this Order.

2. If the respondent shall fail to comply with the command of this Order without adequate excuse, the respondent shall be fined the sum of $500.00 for each day following July 7, 2004, that such noncompliance shall continue and until compliance shall be made.

June 8, 2004
Date

Robert E. Keeton
District Judge Robert E. Keeton

2

## Definitions

1. The term Plan means the S.W.C. Enterprises SAR-SEP Plan.

2. The term "document" or "documents" means writings of any nature whatsoever, including, but not limited to contracts, agreements, correspondence, memoranda, reports, ledger books, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, workpapers, notes, drafts, copies, graphs, charts, accounts, analytical records, minutes or records of meetings or conferences, reports or summaries of negotiations, marginal notations, bills, invoices, checks, bank statements, lists, journals, computer tapes and cards, electronic mail, and all other written, printed, recorded or photographic matter or sound reproductions, however produced or reproduced.

3. The term "fiduciary" means "fiduciary" as defined in section 3(21) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. 1002(21).

4. The term "relating to" means constituting, referring to, pertaining to, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

5. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the request inclusive rather than exclusive. The use of the word "including" shall be construed to mean "without limitation."

6. Unless otherwise specified, the time period covered by this request is from January 1, 1998 to the date of production. Documents created prior to January 1, 1998 but which have been used or relied on by the Plan since January 1, 1998 or which describe legal duties which remain in effect after January 1,1998 (such as contracts and trust agreements), shall be considered part of the time period covered by this request.

## ATTACHMENT A

Any and all documents within the possession, custody or control of S.W.C. Enterprises, Inc. including but not limited to the following:

1. Copies of certified payroll records for years 2000 through the present.

2. A list of prevailing wage contracts for years 2000 through present, if such list exists; or alternatively, documents which show all prevailing wage contracts for years 2000 through the present.